E-FILED
Tuesday, 20 January, 2026  04:16:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DONNELL BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:25-cv-04091-MMM |
| | ) | |
| SHAN JUMPER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently civilly detained at

the Rushville Illinois Treatment and Detention Facility in Rushville Illinois, pursues

claims against facility staff and contractors.

Plaintiff has requested leave to proceed under a reduced payment procedure for

indigent plaintiffs who are institutionalized but who are not prisoners as defined in 28

U.S.C. Section 1915(h). The "privilege to proceed without posting security for costs and

fees is reserved to the many truly impoverished litigants who, within the District

Court's sound discretion, would remain without legal remedy if such privilege were not

afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if

the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has

been paid. 28 U.S.C. § 1915(e)(2). Accordingly, this Court grants leave to proceed in

forma pauperis only if the complaint states a federal action.

Page **1** of **4**

A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient – the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names medical and mental health contractor Liberty Healthcare Corporation, Greg Donathan, Erin Posey, Shan Jumper, Sharlene Caraway, Kenneth Queen, M. Sheldon, H. Hymes, M. Stauffer, and H. Esparza-Velez.

Plaintiff has been determined to be a sexually violent person under Illinois law. He seeks to allege that he is not receiving the mental health treatment required by the Constitution for individuals in his situation. He alleges his attorney told him that he could refuse a state examination, so he did so. His treatment groups were then changed, and he is dissatisfied with the changes, and believes he is not progressing in his treatment as rapidly as he should be progressing.

Plaintiff's Complaint does not state a claim. "Due process requires that the conditions and duration of [involuntary civil detention] must bear some reasonable relation to the purpose for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001). Involuntarily committed persons have a substantive due process right to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these conditions." *Youngberg v.*

*Romeo*, 457 U.S. 307, 324 (1982). The Seventh Circuit has extended and summarized

*Youngberg* to include those individuals committed because they are sexually dangerous

or violent: "(a) committed persons are entitled to some treatment, and (b) what that

treatment entails must be decided by mental-health professionals." *Lane v. Williams*, 689

F.3d 879, 882 (7th Cir. 2012) (internal quotation omitted).

Here, Plaintiff has alleged that on advice of counsel he refused to participate in

an examination by a state official, and his treatment was later changed, to his

dissatisfaction. Plaintiff's attorney may well have been correct that he was not required

to sit for the examination under protections against self-incrimination or otherwise. But

Plaintiff's refusal does not entitle him to dictate his treatment while refusing to comply

with program requirements.

Plaintiff's allegations are consistent with Plaintiff receiving mental health

treatment as decided by mental health professionals and as required by *Younger* and its

progeny. Plaintiff's allegations do not raise a plausible inference that his treatment was

inconsistent with professional mental health treatment. The Court understands his

frustration and lack of progress. However, his allegations do not raise a plausible

inference that he was being denied mental health treatment as determined by mental

health professionals.

Plaintiff's Complaint also does not state a claim against Liberty Healthcare. As a

private corporation, Liberty can only be held liable under § 1983 if it maintains an

unconstitutional policy or custom that violated Plaintiff's rights, *see Monell v.*

*Department of Soc. Servs.*, 436 U.S. 658 (1978); *Curry v. Butler*, 2023 WL 2981445, * 3 (7th

Cir. Apr. 18, 2023). Because Plaintiff has not plausibly alleged any violation of his

constitutional rights in the first place, he also necessarily has not alleged that a policy of

Liberty caused a constitutional violation.

IT IS THEREFORE ORDERED:

1.  Plaintiff's Petition to Proceed in Forma Pauperis [3] is DENIED and the
    Complaint is DISMISSED because his allegations fail to state a claim for relief.
    28 U.S.C. § 1915(e)(2).

2.  Plaintiff's Motion for Status [6] is DENIED.

3.  Plaintiff is allowed 21 days to file an amended complaint if he so desires, and
    if he in good faith believes he can state a claim for relief. He must also renew
    his motion to proceed in forma pauperis if he desires to so proceed. If Plaintiff
    does not amend within 21 days of the entry of this order this action will be
    dismissed without prejudice.

Entered this 20th day of January, 2026.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE